IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                No. 1:10-cr-10033-JDB-1

EMMA HILLIARD,

    Defendant.

___

ORDER DENYING DEFENDANT RELIEF UNDER THE FIRST STEP ACT OF 2018

___

On behalf of the Defendant, Emma Hilliard, Assistant Federal Defender Christina M. Wimbley filed on August 8, 2019, a Notice of Completed Review pursuant to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018) (the "FSA"), in which she opined that the Defendant was not eligible for relief. (Docket Entry ("D.E.") 60.) In its response, the Government concurred. (D.E. 59.)

Hilliard was indicted in this district on March 15, 2010, with conspiracy to possess with intent to distribute powder cocaine in violation of 21 U.S.C. § 841(a)(1). (D.E. 2.) Pursuant to a guilty plea, she was sentenced on February 9, 2011, to 151 months' incarceration, to be followed by three years of supervised release. (D.E. 39.) She is currently confined in Bureau of Prisons custody.

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed.'" *Freeman v. United States*, 564 U.S. 522, 526 (2011) (quoting 18 U.S.C. § 3582(c)). However, the rule is subject to certain narrow exceptions, *id.*, including the FSA, *United States v. Terrell*, No. 2:09-CR-031, 2019 WL 3431449, at *1 (E.D. Tenn. July 29, 2019).

The statute, signed into law on December 21, 2018, "modified prior sentencing law and expanded vocational training, early-release programs, and other programming designed to reduce recidivism." *United States v. Boulding*, 379 F. Supp. 3d 646, 650 (W.D. Mich. 2019) (quoting *United States v. Simmons*, 375 F. Supp. 3d 379, 385 (E.D.N.Y. 2019)), *appeal filed* (6th Cir. June 25, 2019) (No. 19-1706) & (6th Cir. May 28, 2019) (No. 19-1590). While the law made certain previous statutory changes retroactive, its scope is a limited one.

Specifically, the FSA permits the sentencing court to reduce a sentence "for a covered offense," defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." § 404(a)-(b), 132 Stat. at 5222. Sections 2 and 3 of the Fair Sentencing Act of 2010 dealt with certain crack cocaine offenses. *See United States v. Majors*, 376 F. Supp. 3d 806, 808 (M.D. Tenn. 2019), *appeal filed* (6th Cir. June 13, 2019) (No. 19-5635). Accordingly, the FSA "permits the retroactive reduction of certain drug trafficking sentences, but applies only to those convicted of crack cocaine offenses." *Id.* at 809 (quoting *United States v. Jones*, No. 3:94-CR-00090, 2019 WL 1586814, at *1 (M.D. Tenn. Apr. 12, 2019)); *see United States v. Wiseman*, ___ F.3d ___, 2019 WL 3367615, at *3 (6th Cir. July 26, 2019) ("Section 404 of the Act makes retroactive only certain statutory changes pertaining to threshold crack cocaine weights triggering mandatory minimum sentences that were enacted under the Fair Sentencing Act of 2010.").

The crime for which Defendant was convicted involved powder cocaine rather than crack cocaine; thus, it is not a "covered offense" for FSA purposes. *See Majors*, 376 F. Supp. 3d at 808-09 ("crimes involving powder cocaine are not within [the FSA's] ambit"). The statute provides Hilliard no relief.

IT IS SO ORDERED this 21st day of August 2019.

                                                        s/ J. DANIEL BREEN
                                                        UNITED STATES DISTRICT JUDGE